UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JOSEFINA CHABRIER ET AL,
    Plaintiffs,

v.      CIVIL NO. 97-2907(PG)

U.S. DEPARTMENT OF VETERANS
AFFAIRS ET AL.,
    Defendants.

### OPINION AND ORDER

Before the Court is the motion by plaintiff, Josefina Chabrier ("Chabrier") requesting relief from the judgment entered dismissing the complaint. (Docket No. 14). The defendants have filed an opposition thereto. (Docket No. 17).

**Procedural History and Background**

Chabrier's complaint is not a model of draftmanship. The complaint alleges that Chabrier, a former employee of the U.S. Department of Veterans Affairs (hereinafter referred to as "Veterans Administration") was sexually harassed and discriminated by her former supervisor, Mrs. Myrna O'Neill. The complaint named as defendants, Veterans Administration and Myrna O'Neill.

The complaint contains three separate causes of action. The first cause of action seeks compensatory damages suffered as a result of the sexual harassment. In the second cause of action, Chabrier claims that the Veterans Administration (1) failed to provide professional services to harassed employees; (2) failed to provide




Civil No. 97-2907(PG)                                                    2

orientation about the "intricate and entangling administrative procedures"; and (3) failed to handled the matter appropriately aggravating her emotional condition. Plaintiff seeks damages for her and her children suffered as a result of the Veterans Administration's inaction. The third and last cause of action seeks punitive damages.

Chabrier premises jurisdiction on the presence of a federal question, see 28 U.S.C. § 1331, that question being the existence of a putative cause of action against the Veterans Administration arising under federal law, to wit the Federal Torts Claim Act ("FTCA").

Defendants filed a motion to dismiss and/or for summary judgment asserting inter alia that plaintiff failed to comply with the administrative exhaustion requirement under the FTCA and failed to name the proper party. In an Opinion and Order dated July 10, 1999, the Court found that plaintiff failed to substantiate her claim that she had filed an administrative claim at the Veterans Administration and failed to bring her action against the proper party under the FTCA, which is the United States. (Docket No. 12). Judgment was entered dismissing the case. (Docket No. 13).

Plaintiff now moves the court to reconsider the judgment dismissing the case alleging that due to mistake, inadvertence or excusable neglect, plaintiff's counsel had failed to file a motion to

Civil No. 97-2907(PG) 3

oppose defendant's motion. Attached to the motion requesting relief from judgment are the sworn statements of plaintiff and Benito Gutierrez Diaz, a former employee of counsel for plaintiff. Defendants opposed plaintiff's request arguing that plaintiff has not been able to submit or produce a certificate of receipt by the Veterans Administration of her administrative claim and even if the administrative claim was properly filed, plaintiff failed to include the only proper party defendant in an FTCA action which is the United States of America.

Plaintiff, Chabrier, bears the burden of demonstrating that she has presented a claim to Veterans Administration. See Keen Corp. v. United States, 700 F.2d 836, 840 (2nd Cir.), cert. denied, 464 U.S. 864 (1983). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant... written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property..." 28 C.F.R. § 14.2(a). See Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994); Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994).

Plaintiff presents a sworn statement of Mr. Gutierrez Diaz stating that he supervised the preparation, final signature and mailing of the standard form 95-109, to Veterans Administration, San Juan Office, on or about June 12, 1996. Attached to plaintiff's

AO 72A
(Rev. 8/82)

Civil No. 97-2907(PG)                                                              4

motion is the notice of claim allegedly mailed to the Veteran's Administration. (See Gutierrez Diaz sworn statement, Annex A, B and C.) This evidence might be sufficient to raise a question as to whether the notice was mailed, however, it has been established that "[m]ailing alone is not enough; there must be evidence of actual receipt." Payne v. United States, 10 F. Supp. 2d 203, 205(N.D.N.Y. 1998). See Moya v. United States, supra; Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985); Bailey v. United States, 642 F.2d 344, 347 (9th Cir. 1981). Proof of receipt is typically established by sending the claim by certified or registered mail. Payne 10 F.Supp. 2d 205 citing Bailey 642 F.2d at 347. "Such proof is required particularly where the defendants provide affirmative evidence that no claim was ever received", Payne, supra. In the present case plaintiff offered no evidence to contradict defendants' affidavits that her claim was never received. "Mailing" is simply not proof of "receipt". Id.

Moreover, even assuming that plaintiff timely filed her administrative claim before the agency, she failed to include the United States as party. The FTCA clearly state that the defendant in a FTCA action is the United States and not its agencies. See 28 U.S.C. §§ 1346(b), 2674, 2679. Hunt v. Department of Air Force, Div. of U.S.A., 29 F.3d 583, 587 (11th Cir. 1994); Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982).

AO 72A
(Rev. 8/82)

Civil No. 97-2907(PG)                                                                 5

Although the United States Attorney might represent both the United States and its agencies, that does not make an agency the "functional equivalent" of the United States. Id., accord Allgeier v. United States, 909 F.2d 869, 874 and n. 6 (6th Cir. 1990); Allen v. Veterans Administration, 749 F.2d 1386, 1389 (9th Cir. 1984). In conclusion, even if the administrative claim was timely filed, the FTCA claim should be dismissed for failure to sue the United States.

In view of the above findings, the Court hereby **DENIES** plaintiff's "Motion Requesting Relief From Judgment Under Federal Rule of Civil Procedure 60(b)(1)". (Docket No. 14).

**IT IS SO ORDERED.**

San Juan, Puerto Rico  _July_  _10_, 2000.

_____
JUAN M. PEREZ-GIMENEZ
U.S. District Judge